**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CARL G. BISHOP,
Plaintiff-Appellant,

v.

No. 98-1901

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CA-97-2-B)

Submitted: February 23, 1999

Decided: June 14, 1999

Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph E. Wolfe, WOLFE & FARMER, Norton, Virginia, for Appel-
lant. James A. Winn, Chief Counsel, Region III, Patricia M. Smith,
Deputy Chief Counsel, David F. Chermol, Assistant Regional Coun-
sel, Office of the General Counsel, SOCIAL SECURITY ADMINIS-
TRATION; Robert P. Crouch, Jr., United States Attorney, Alonzo H.
Long, Assistant United States Attorney, Roanoke, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carl G. Bishop appeals the district court's order granting summary judgment in favor of the Commissioner of Social Security and affirming the Commissioner's denial of his application for disability insurance benefits and supplement security income. We affirm.

This Court reviews a grant of summary judgment de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162 (4th Cir. 1988). Summary judgment is properly granted when there are no genuine issues of material fact and when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences are to be drawn in favor of the non-moving party. See Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980).

Courts review the denial of social security benefits to determine whether the Commissioner has applied the correct legal standards and whether the findings are supported by substantial evidence. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Richardson v. Perales, 402 U.S. 389, 401 (1971). Although substantial evidence is greater than a mere scintilla, it may be less than a preponderance. See Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).

Bishop argues that the decision denying his request for benefits was not based upon substantial evidence because the ALJ erroneously disregarded the opinion of his treating physician. Our review of the record, briefs, and district court's opinion accepting the magistrate judge's report and recommendation reveals no reversible error. Therefore, we affirm on the reasoning of the district court. Bishop v. Apfel, No. CA-97-2-B (W.D. Va. May 12, 1998). We dispense with oral

2

argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED